**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

**DENISE L. BULLIS,**

           **Plaintiff,**

           v.

**SANDY OLLINGER et al.,**

           **Defendants.**
_____

**6:20-cv-913**
**(GLS/ATB)**

## SUMMARY ORDER

Plaintiff *pro se* Denise L. Bullis commenced this action against defendants Sandy Ollinger and Jeff Parker in Oneonta City Court, Small Claims Part in Otsego County, New York. (Compl., Dkt. No. 2.) Bullis alleges that defendants, two employees of the United States Postal Service (USPS), were negligent in handling a certain package. (*Id.* at 2.) Defendants removed the action to this court pursuant to the Federal Tort Claims Act (FTCA),[1] on the basis that defendants are employees of the United States and were acting within the scope of their employment. (Dkt. No. 1.) Defendants then moved to substitute the United States in place of them, and to dismiss the complaint in its entirety, (Dkt. No. 6), which Bullis

_____

[1] *See* 28 U.S.C. §§ 2671-80.

did not oppose. For the reasons that follow, defendants' unopposed motion is granted, and Bullis' complaint is dismissed.

## I. **Background**[2]

On June 8, 2020, Bullis brought a "brand new cell phone" to a post office in Oneonta, New York for shipping. (Compl. at 2.) She handed the telephone to Ollinger, who provided Bullis with a tracking number. (*Id.*) The telephone never arrived at its destination, and, when Bullis searches the tracking number, the USPS database shows that the package has not left the post office, despite statements from defendants that it has been "picked up." (*Id.*) Bullis seeks to recover $1,000 for defendants' mishandling of her package. (*Id.*) Now pending is defendants' unopposed motion to dismiss and to substitute the United States in place of Ollinger and Parker. (Dkt. No. 6.)

## II. **Discussion**

As an initial matter, Bullis has failed to respond to the pending motion. And her failure to respond is not without significance. Under this District's Local Rules, a party's failure to respond to a properly filed motion

---

[2] The facts are drawn from Bullis' complaint, (Dkt. No. 2), and presented in the light most favorable to her.

can constitute consent to the granting of that motion, so long as the court determines that the moving party has demonstrated its entitlement to relief. *See* N.D.N.Y. L.R. 7.1(a)(3); *Albino v. City of Amsterdam Police*, No. 1:19-CV-1415, 2020 WL 7024388, at *2 (N.D.N.Y. Nov. 30, 2020) (noting that, if the moving party has met its burden, "the non-moving party's failure to file or serve any papers . . . shall be deemed as consent to the granting or denial of the motion, as the case may be, unless good cause be shown." (citation omitted)); *Herring v. Tabor*, No. 9:12-cv-1739, 2014 WL 2946545, at *5 (N.D.N.Y. June 30, 2014) (noting that, where a defendant's motion to dismiss is unopposed, the "burden of persuasion is lightened such that, in order to succeed, the motion need only be 'facially meritorious'" (citation omitted)).

In addition, a threshold issue as to whether defendants are entitled to relief with respect to their motion is whether defendants were acting within the scope of their employment during the incident in question. Accepting Bullis' allegations as true, but without the benefit of a response to defendants' motion, defendants were acting within the scope of their employment as United States postal workers at all relevant times. Indeed, Bullis does not suggest otherwise in her complaint, (Compl.), and there is

3

no reason to believe that the alleged mishandling of a package by two postal workers at a post office was done in a manner other than within the scope of their employment.

Finally, because Bullis' claim purports to be a common law tort claim, it must be brought under the FTCA. *See, e.g.*, *Morillo v. eBay*, No. 17-CV-4091, 2017 WL 6622543, at *3 (E.D.N.Y. Dec. 28, 2017) (collecting cases).

### A. Motion to Substitute

Defendants argue that, pursuant to the FTCA, the United States should be substituted for Ollinger and Parker in this action. (Dkt. No. 6, Attach. 1 at 2.) The FTCA permits "civil actions on claims against the United States, for money damages . . . for injury or loss of property . . . caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). With certain exceptions not applicable here, this remedy "is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim." *Id.* § 2679(b)(1).

Because Ollinger and Parker were acting within the scope of their

4

employment during the events that gave rise to this litigation, the motion to substitute is granted, and the United States is substituted for them. *See Clarcq v. VanGorder*, No. 5:18-CV-1168, 2019 WL 1317784, at *2 (N.D.N.Y. Mar. 22, 2019) ("As a result [of finding that defendants acted within the scope of their employment], substitution is mandatory, and therefore the United States shall be substituted for the[m]." (citations omitted)).

**B.    Motion to Dismiss**

The United States argues that Bullis' complaint must be dismissed on two independent grounds: (1) Bullis failed to first present her claim to USPS and (2) sovereign immunity has not been waived for the category of claim Bullis brings against the United States. (Dkt. No. 6, Attach. 2 at 1-3.)

*1.    Bullis Failed to Exhaust Administrative Remedies*

First, the United States argues that Bullis' complaint must be dismissed because she did not first file an administrative claim with USPS prior to bringing this action, thus depriving the court of subject matter jurisdiction. (*Id.* at 2.) A prerequisite to maintaining a tort claim against an entity covered by the FTCA is that "the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have

5

been finally denied by the agency." 28 U.S.C § 2675(a). A plaintiff has properly exhausted an FTCA claim against USPS when:

> [USPS] receives from a claimant, his duly authorized agent or legal representative, an executed Standard Form 95, Claim for Damage or Injury, or other written notification of an incident, accompanied by a claim for money damages in a sum certain for injury to or loss of property, personal injury, or death alleged to have occurred by reason of the incident. A standard Form 95 may be obtained from the local District Tort Claims Coordinator, the National Tort Center, or online at usa.gov (select Government forms).

39 C.F.R. § 912.5(a). A district court lacks subject matter jurisdiction if the plaintiff failed to exhaust her FTCA claim. *See Celestine v. Mount Vernon Neighborhood Health Ctr.*, 403 F.3d 76, 82 (2d Cir. 2005); *Furman v. U.S. Postal Serv.*, 349 F. Supp. 2d 553, 557 (E.D.N.Y. 2004) ("Compliance with Section 2675 'is strictly construed.' Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim." (citations omitted)).

Here, the United States maintains that Bullis never filed an administrative claim with USPS. (Dkt. No. 6, Attach. 1 at 2.) And Bullis does not allege in her complaint that she filed such an administrative claim. (*See generally* Compl.) Accordingly, Bullis' claim against the United States

6

must be dismissed.³  *See Thompson v. United States*, 795 F. App'x 15, 20 (2d Cir. 2019) (affirming the dismissal of an FTCA claim based on alleged damage to a package by USPS because the plaintiff "failed to allege proper exhaustion," in that he did not allege that he first sought monetary damages from USPS).

   2.   *Sovereign Immunity*

In any event, as argued by the United States, (Dkt. No. 6, Attach. 2 at 2-3), even if Bullis brought an administrative claim to USPS, her claim must be dismissed because the United States has not waived sovereign immunity for the type of claim advanced by her.  Indeed, sovereign immunity has not been waived for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter."  28 U.S.C. § 2680(b).  Because Bullis' claim is solely based on the loss or failed delivery of her telephone, it falls squarely within this exception to the waiver of sovereign immunity and must be dismissed for lack of subject matter jurisdiction.  *See Aliev v. U.S. Postal Serv.*, No. 19-CV-1156, 2020 WL 1956301, at *3 (W.D.N.Y. Apr. 23, 2020) ("[T]o the extent [plaintiff]

---

³ While better pleading could potentially cure this defect in Bullis' claim, the claim must be dismissed with prejudice and without leave to amend because, as described below, the United States has not waived sovereign immunity.  *See infra* Part II.B.2.

alleges USPS was negligent in delivering, handling, or failing to deliver his mail, any such claim is precluded by the postal matter exception and must be dismissed for lack of subject matter jurisdiction." (citation omitted)).

Moreover, because the court lacks jurisdiction over this matter, and better pleading cannot establish jurisdiction without an entirely new set of facts and allegations, any amendment to Bullis' complaint would be futile. *See Moran v. Proskauer Rose LLP*, No. 1:17-cv-00423, 2017 WL 3172999, at *3 (N.D.N.Y. July 26, 2017) ("[L]ack of subject matter jurisdiction is a substantive defect that cannot be cured by better pleading." (citations omitted)). Accordingly, Bullis' complaint is dismissed with prejudice and without leave to amend.

Accordingly, it is hereby

**ORDERED** that defendants' motion to substitute the United States for Ollinger and Parker (Dkt. No. 6) is **GRANTED**; and it is further

**ORDERED** that the United States' motion to dismiss is **GRANTED**; and it is further

**ORDERED** that Bullis' complaint (Dkt. No. 2) is **DISMISSED**; and it is further

**ORDERED** that the Clerk close this case; and it is further

**ORDERED** that the Clerk provide a copy of this Summary Order to the parties.

**IT IS SO ORDERED.**

January 22, 2021
Albany, New York

Gary L. Sharpe
U.S. District Judge